The **MANUFACTURERS LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Albert Barnett KLEPPER, Edward Schnur, Tanner Associates, Inc., and Marie M. Constant, Defendants.**

and

**Peter W. Kero, Inc., Claimant-Intervenor.**

**Civ. A. 1145-57.**

United States District Court
D. New Jersey.

Dec. 17, 1958.

Edward M. Rothstein, Lakewood, N. J., for Edward Schnur.

Eugene P. Kenny, Jersey City, N. J., for Tanner Associates, Inc.

William L. Hughes, New York City, for Marie M. Constant.

Sher, Friedman & Sher, by Saul Sher, Rutherford, N. J., for Peter W. Kero, Inc.

WORTENDYKE, District Judge.

To secure an aggregate indebtedness of $28,000, evidenced by promissory notes endorsed by Menander T. Constant and Marie M. Constant, Hadji Realty Corporation mortgaged lands in Monmouth County, New Jersey, to Edward Schnur. The mortgage was duly recorded on November 1, 1955 in the Monmouth County Clerk's office. Menander T. Constant and Marie M. Constant were, respectively, president and secretary of the mortgagor. After default, the mortgagee foreclosed in the Chancery Division of the New Jersey Superior Court, and in those proceedings a judgment was filed on October 14, 1958 adjudging that there was then due to the mortgagee $22,500 with interest thereon from October 27, 1955, and costs of suit, to be "raised and paid in the first place out of the mortgaged premises."

A second mortgage covering the same premises, dated February 8, 1956, was made by Elberon Estates, Inc., the successor in title to Hadji Realty Corp., to Abraham Weiner and Tillie Weiner, to secure payment of $10,000. Menander T. Constant and Marie M. Constant were also respectively president and secretary of Elberon Estates, Inc., and both of these individuals agreed in writing, endorsed upon the second mortgage, "to be personally responsible for the full repayment" of the principal and interest secured thereby. This second mortgage was duly assigned to Tanner Associates, Inc. on October 9, 1957. A third mort-

gage covering the same property and to secure the sum of $12,000 was made by Elberon Estates, Inc. to Tanner Associates, Inc. on May 22, 1956 and was duly recorded on May 28, 1956. This third mortgage, by its terms, was subject to the liens of the two preceding mortgages.

The decree in the Schnur foreclosure adjudged that there was due to Tanner Associates, Inc., upon the second and third mortgages held by it, the sum of $22,028.88, with interest thereon from September 22, 1958.

On April 4, 1957 Peter W. Kero, Inc. recovered judgment in the Law Division of the New Jersey Superior Court against Menander T. Constant and Elberon Estates, Inc. for $30,000 plus costs. On account of this judgment, Kero has received only $25. The Schnur foreclosure judgment also adjudicated that Kero was entitled to have the sum of $30,000, together with its costs "paid out of the mortgaged premises." The judgment directed sale of the mortgaged premises and that the proceeds be brought into the foreclosure Court to abide its further order. Counsel inform me that a sale of the mortgaged premises is noticed for December 29, 1958.

The Manufacturers Life Insurance Company issued a term policy of life insurance, No. 1,254,339 in the amount of $25,000, on the life of Menander T. Constant, naming his wife, Marie M. Constant, as beneficiary, but permitting the insured to change the designation of beneficiary. Under date of February 8, 1956 Menander T. Constant and Marie M. Constant assigned, in writing, to Albert Barnett Klepper, a New York attorney-at-law, all of the right, title and interest of the assignors in the same insurance policy. Klepper was substituted as beneficiary of the policy and on the same date as that of the assignment wrote to Menander T. Constant acknowledging the assignment of the policy and the substitution of beneficiary and promising to "hold (it) in escrow until the repayment in full of a first mortgage to Edward Schnur and a second mortgage to Abraham and Tillie Weiner. It being

understood that said policy together with the assignment and appointment of beneficiary will be returned to you upon full payment of both of said mortgages. In the event that there is a default under either of said mortgages, then and in that event the proceeds of said insurance policy shall be used in payment of the balance that may be then due under said mortgages; and, any other balance then remaining shall be delivered to the estate in full." Menander T. Constant and Marie M. Constant, by their respective signatures at the foot of said letter, "Accepted" the terms thereof. Both of these individuals had guaranteed the payment of the indebtedness secured by each of the mortgages referred to in the letter.

Menander T. Constant died on September 27, 1957, leaving a last will and testament in which he appointed his wife, Marie M. Constant as executrix. She qualified as such, and Letters Testamentary were issued to her by the Surrogate of Monmouth County, New Jersey, on May 9, 1958.

Because of its uncertainty regarding the rights to the proceeds of the policy which matured upon the death of the insured, the insurer has brought this interpleader action against Klepper, the assignee of the policy, Schnur and Tanner, as the holders, respectively, of the mortgages referred to in the letter of February 8, 1956, and the widow and original beneficiary of the insured. By order of this Court made on December 9, 1957, the plaintiff herein was permitted to pay the proceeds of the insurance policy into the registry of the Court and was allowed its costs and a counsel fee out of the fund. Peter W. Kero, Inc. has been permitted to intervene herein as a claimant.

On the pretrial conference Klepper disclaimed any personal interest in the policy proceeds and sought an exonerative order discharging him from any responsibility with respect thereto. The remaining parties consented to such an order, and to the inclusion therein of a provision discharging Klepper from all

liability to any of the other parties, including the personal representative of the Estate of Menander T. Constant. Klepper will therefore be considered as having been dropped as a party to the present litigation.

The order of priority of the liens of the three mortgages and the Kero judgment has been determined by the New Jersey Court in the Schnur mortgage foreclosure action.

At the commencement of the final hearing of this case on December 11, 1958, application was made in behalf of Sidney Benson and Beril Kraus, to intervene as further claimants, by reason of a judgment which they recovered in the New Jersey Superior Court on April 15, 1957 against Hadji Realty Corp., Menander T. Constant and Marie M. Constant, upon which there is presently due the sum of $14,765.91. Because of the conclusions hereinafter expressed, it becomes unnecessary to pass upon the application of these judgment-creditors to intervene.

■ I am here called upon to determine the effect of the assignment of the policy and letter from Klepper to Constant dated February 8, 1956 upon the claims presently asserted to the balance of the proceeds of the insurance policy remaining on deposit in the registry of this Court. I construe the language of the two documents in question as constituting Klepper the beneficiary and assignee of the policy, in trust nevertheless to hold it and the proceeds thereof as collateral security for the payment of the Schnur and Weiner mortgages, and the indebtedness secured by each of these mortgages. The institution and prosecution of the Schnur foreclosure with its inclusion, as parties defendant, of the holder of the Weiner and Tanner mortgages is an appropriate initial recourse to the primary security for the indebtedness referred to in each of the mortgages, viz., the real estate covered thereby. The judgment in that foreclosure action has established the order of priority and amount due upon each of the successive mortgages and the Kero judgment. In entering his judgment in the foreclosure action, Judge Wick expressly refrained from making any adjudication of the right of any party to the moneys on deposit in this Court in the present action.

■ I therefore direct the defendants Edward Schnur and Tanner Associates, Inc. to bring on with all diligence the foreclosure sale of the mortgaged property in accordance with the New Jersey foreclosure judgment. I conclude that, to the extent of any deficiency in the proceeds of such sale from the amount declared by the foreclosure judgment to be due to Schnur, he shall be entitled to receive payment of such deficiency out of the moneys on deposit in this Court. If, after satisfying Schnur's judgment, there remains a balance of the fund on deposit in this Court, it shall be applied and paid to Tanner, as assignee of the Weiner mortgage, to the extent of the difference, if any, between the amount declared due in the foreclosure judgment upon that (second) mortgage, and the balance, if any, remaining of the proceeds of sale of the mortgaged lands after their initial application to the satisfaction of the amount due on the Schnur mortgage. If, after satisfaction of the amounts found due by the foreclosure judgment upon each of the first two mortgages, in the manner herein provided, there shall still remain a balance in the fund on deposit in this Court, such balance shall be paid to Marie M. Constant, as Executrix of the Estate of Menander T. Constant, subject to the claims of creditors of said estate.

The foregoing opinion shall constitute this Court's findings of fact and conclusions of law in this case, and an order may be presented in accordance with the views herein expressed.